DAVID J. LEFKOWITZ, PLAINTIFF-RESPONDENT, v. JACOB COHN, DEFENDANT-APPELLANT.

Submitted January 21, 1941—Decided May 1, 1941.

Before Justices BODINE, PORTER and COLIE.

For the defendant-appellant, *Sidney Cohn (Max Kleinfeld,* of counsel).

For the plaintiff-respondent, *Harold S. Okin (Edwin A. A. Muller,* of counsel).

The opinion of the court was delivered by

COLIE, J. This is an appeal by the defendant, Jacob Cohn, from a judgment in favor of the plaintiff for $100 and costs. The state of case, as settled by the court, shows that the parties entered into a written contract by which Cohn agreed to sell Lefkowitz for $1,950, a cigar and stationery store, with the stock and good will and the seller's interest in a lease covering the premises. The contract further provided in part as follows:

"The seller covenants that neither he nor Herbert Cohn, will directly or indirectly, engage in the same or similar line of business within a radius of one-half mile for a period of five years, from the premises hereby agreed to be sold."

"The seller undertakes to obtain for the buyer a plenary retail liquor distribution license from the Borough of Palisades Park, provided that immediate application is made for

the same and provided further that no prior application is made to the Borough of Palisades Park for the same, being understood and agreed that said license is part of the consideration for the purchase price herein agreed to be paid; however, provided further that the buyer will make such application on behalf of a New Jersey corporation.

"The buyer hereby authorizes Mr. Sidney Cohn to proceed with the formation of a corporation at a price not to exceed $100 which corporation shall be the applicant for the license."

One week after the signing of the contract, Cohn executed a bill of sale to Lefkowitz covering the goods and chattels on the premises, together with the good will and therein agreed not to engage in the same or similar business as the contract provided. Cohn's agent and attorney promptly filed an application for the license which was denied and no appeal taken. In the meantime, Lefkowitz had paid out $100 in connection with the formation of the corporation called for in the written contract. There was testimony from which the court might find that plaintiff, Lefkowitz, complied with all the covenants and conditions on his part to be performed.

At the close of the plaintiff's case, a motion was made for a nonsuit on the following grounds:

1. That there was a merger of the contract into the bill of sale which bill of sale superseded any and all negotiations between the parties thereto.

2. That the plaintiff had not proved any damages as against the defendant and that there was no proof that the defendant had received any part of the $100 to which the plaintiff had testified.

3. That the provision of the contract relating to the liquor license was illegal and unenforceable because the same was intended by the plaintiff to circumvent the statutes of the State of New Jersey. At the close of the entire case, a motion for a direction of verdict in favor of the defendant was made on the same grounds and on an additional ground that there was a subsequent agreement between the parties which superseded any prior negotiations and agreements.

The court properly denied both motions. In order to effect a merger of the contract into the bill of sale, the latter would

have to cover the whole subject-matter embraced in the contract. *Dieckman* v. *Walser*, 114 *N. J. Eq.* 382. This it did not do. The futile expenditure by the plaintiff of $100 to effect the incorporation may properly be considered as damages which naturally arose from the breach of the contract. The court found as a fact that there was no subsequent agreement which superseded the written contract, nor was there any evidence that the written agreement relating to the procuring of the liquor license was illegal.

The judgment is affirmed, with costs.